IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALLERGY RESEARCH GROUP LLC,<br><br>Plaintiff,<br><br>v.<br><br>MEHMET ENES ANDIC, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S [14] MOTION FOR ALTERNATIVE SERVICE<br><br>Case No. 2:22-cv-00249-HCN-CMR<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Cecilia M. Romero |

## I.     BACKGROUND

Before the court is Plaintiff Allergy Research Group LLC (Plaintiff)'s ex parte Motion for Alternative Service (ECF 14) (the Motion). Plaintiff seeks to serve the Complaint (ECF 2) on Defendant Memet Enes Andic (Defendant) through email and the Amazon messaging system. As set forth below, the court will GRANT the Motion.

## II.     LEGAL STANDARD

Under Fed. R. Civ. P. 4(e)(1), service in a federal district court action may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Plaintiff seeks service under Utah law, which allows the party seeking service to "file a motion to allow service by some other means" when "the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, . . . or if there is good cause to believe that the person is avoiding service." Utah R. Civ. P. 4(d)(5)(A). If the court grants the motion, "the court will order service of the complaint and summons by means

reasonably calculated, under all the circumstances, to apprise the named parties of the action." *Id.* R. 4(d)(5)(B).

This action arises from the alleged infringement of Plaintiff's trademarks through unauthorized sale. Plaintiff requests that the court allow alternative service on Defendant because Defendant's location is unknown despite Plaintiff's reasonable diligence to serve Defendant. Plaintiff also argues electronic communications via email and Amazon's messaging system are reasonably calculated to provide notice to Defendant of the action.

## III.    DISCUSSION

### A. Plaintiff has demonstrated reasonable diligence in locating Defendant.

A determination of reasonable diligence focuses on the plaintiff's efforts to locate the defendant. The court may consider "the number of potential defendants involved, the projected expenses of searching for them, and the number and type of sources of available information regarding their possible whereabouts." *Ooida Risk Retention Group, INC v. Bhangal*, No. 2:14-cv-168 TC, 2016 WL 2596026, at *2 (D. Utah May 5, 2016) (quoting *Jackson Const. Co., Inc. v. Marrs*, 2004 UT 89, 100 P.3d 1211, 1215 (Utah 2004)). Although "the reasonable diligence standard does not require a plaintiff to exhaust all possibilities to locate and serve a defendant," the plaintiff "must take advantage of readily available sources of relevant information." *Allergy Research Group, LLC v. Wellness Enterprise, LLC*, No. 2:21-cv-00279-HCN-JCB, 2021 WL 2379601, at *2 (D. Utah June 10, 2021) (quoting *Jackson Const.*, 2004 UT 89, at ¶¶ 19–20). In *Allergy Research Group*, the court found that the plaintiff failed to demonstrate reasonable diligence because the plaintiff did "little more than locate the address listed on the . . . website" and did not make reasonable efforts to use databases that could provide the current contact information for the defendants. *Id.* at *2.

Unlike the plaintiff in *Allergy Research Group*, Plaintiff here provided evidence of unsuccessful attempts to serve Defendant (1) personally at his business address; (2) by email at enesandicamz@gmail.com and melisa.tavnner@outlook.com both before and after filing the lawsuit (ECF 14-1, Motley Decl. at 7).  Plaintiff also hired a team of attorneys and investigators to review both open and public records and paid subscription-based services.  *Id*.  Plaintiff additionally sought to locate Defendant with individualized searches by investigating Amazon-related sources, social media, general internet searches, state records, UCC searches and through a Washington state court subpoena to Amazon (Motley Decl. at 3-5, 8).  Thus, the court finds that Plaintiff's efforts to locate and serve Defendant through numerous and repeated attempts at multiple locations demonstrates reasonable diligence.

**B.  Plaintiff has demonstrated Defendant's email addresses and Amazon messaging system are reasonably calculated to apprise Defendant of the action.**

a.  <u>Email</u>

Plaintiff's showing that Defendant's whereabouts cannot be ascertained despite reasonable diligence is sufficient in itself for the court to grant service through alternate means.  *See* Utah Civ. P. R. 4(d)(5)(A).  The court therefore does not reach the issue of whether there is good cause to believe Defendant is avoiding service.

Plaintiff requests that the court allow it to serve Defendant by sending the Complaint and summons through the email addresses of the Andic Store at enesandicamz@gmail.com and melisa.tavnner@outlook.com.  In *Turbo Style Products*, this court held that "service by email is reasonably calculated to give actual notice of this action to [d]efendants" after finding that a plaintiff has "undertaken reasonably diligent efforts to locate" the defendants.  *Turbo Style Products, LLC v. John Does 2-5*, No. 2:14-cv-912 TS, 2015 WL 2184029, at *2 (D. Utah Apr. 28, 2015).  Here, Plaintiff has provided evidence that Defendant uses these email addresses for

business communications relating to the Andic Store while conducting sales on the Internet (ECF 6 at 2–3). The court therefore finds that alternative service at the email addresses of the Andic Store is reasonably calculated to provide notice to Defendant of this action.

b. Amazon's Messaging System

Plaintiff also requests that the court allow it to serve Defendant by sending electronic messages through the Amazon messaging system to the "Andic Store" storefront at Merchant ID A3LZKJQIHQCC8P. In *Skullcandy*, this court held that "delivering a copy of the Complaint and summons via Amazon's messaging service" was permissible under New York Law because electronic service was "reasonably calculated to provide [d]efendant notice of the action." *See Skullcandy, INC v. Sterling*, No. 2:19-cv-424 TS, 2019 U.S. Dist. LEXIS 118489, at *2. Similarly, in *Ooida Risk Retention Group,* this court held that "the use of Facebook's private email to contact [defendant]" was reasonably calculated to give notice of the action because it would result in Defendant knowing about the case and help address due process concerns about service. *See Ooida Risk Retention Group*, 2016 WL 2596026, at *2.

However, unless other methods of serving the defendants including communication via email "have proven impracticable and ineffective," the court may not allow the messaging system as a sole method of service. *See Skullcandy*, 2019 U.S. Dist. LEXIS 118489, at *2 (acknowledging that Amazon messaging system is reasonably calculated because other efforts, including communication via email, have been impracticable and ineffective). If email still fails to provide the defendant an opportunity to present the case, the court may consider electronic messaging as a "supplementary mode of service." *Joe Hand Promotions, INC v. Carrette*, No. 12-2633-CM, 2013 U.S. Dist. LEXIS 109731, at *4 (D. Kan. Jul 9, 2013). For the court to allow the messaging system as a supplementary mode of service, the plaintiff must prove that the mode of service is reasonably calculated to apprise the defendant of the action. Plaintiff may provide

the evidence that the account connected to the system is authentic, and that the defendants have used the system to operate the business and communicate with customers. *PPE Supplies, LLC v. Khan Enterprises General Trading Company*, No. 21-CV-0144-CVE-SH, 2022 WL 135912, at *3 (N.D. Okla. Jan. 14, 2022) (denying the motion for alternate means of service through Whatsapp and holding that "[o]nly if plaintiff's attempts to serve . . . via mail and email fail, should plaintiff move the Court for an order permitting it to serve . . . via Whatsapp.").

Here, Plaintiff has provided evidence that Defendant likely uses the Amazon messaging system to communicate with customers because Defendant still sells the product on Amazon and receives messages through the Amazon messaging system. Plaintiff argues that Defendant's monitoring of incoming messages will address due process concerns about service. The court therefore finds that alternative service through the Amazon messaging system is reasonably calculated to provide notice to Defendant given that Defendant will be served by email and through the Amazon messaging system.

## IV.    CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

(A)  The Motion is GRANTED.

(B)  Plaintiff may effect service of its Complaint on Defendant by sending the Complaint and summons to the email addresses of Defendant at enesandicamz@gmail.com and melisa.tavnner@outlook.com and through Amazon.com's messaging system at the storefront "Andic Store" at Merchant ID A3LZKJQIHQCC8P that is operated by Defendant.

(C)  Service of the Complaint will be complete once Plaintiff receives a confirmation that the Complaint has been sent to the recipient as noted above.

(D)  A copy of this Order must be served with the Complaint.

IT IS SO ORDERED.

DATED this 22 July 2022.


Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah